**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Michels Corporation, a Wisconsin Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) ) | **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| vs. | ) ) ) | Case No. 4:12-cv-106 |
| Wanzek Construction, Inc., | ) ) | |
| Defendant. | ) | |

On August 10, 2012, plaintiff Michels Corporation filed an application for a temporary restraining order. See Docket No. 3. The motion is denied.

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and in determining whether a temporary restraining order should be granted, the court is required to consider the factors set forth in Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). Whether a temporary restraining order should be granted involves consideration of "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. It is well-established that the movant has the burden of establishing the necessity of a temporary restraining order. Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). "No single factor is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh

towards granting the injunction." Baker Elec. Coop., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987)).

The Michels Corporation application for a temporary restraining order references the complaint and an affidavit submitted by Plaintiff's counsel. See Docket Nos. 1 and 3. The documents contain allegations that Michels Corporation employees stay at a man-camp operated by the defendant near Tioga, North Dakota; that a death occurred at the man-camp; and that Michels Corporation employees may have been involved in the incident that led to the death. Pursuant to a lease agreement, the defendant has tendered a request for indemnification from the Michels Corporation. The Michels Corporation claims that the defendant is preventing the company from entering the man-camp to investigate the death and that evidence spoilation may occur due to recent construction at the man-camp. The Michels Corporation submits a request for a temporary restraining order, but fails to specify what activity the company seeks to restrain. Rather, the application sets forth a general request as follows: "Plaintiff hereby applies to the court for a temporary restraining order pursuant to Federal Rules of Civil Procedure 65(b)(1). Plaintiff requests that the court enter its temporary restraining, without notice to defendant pursuant to Rules 65(b)(1)." See Docket No. 3. The Plaintiff neither addresses the *Dataphase* factors nor does the company present arguments to demonstrate the need for the extraordinary remedy of an ex parte temporary restraining order. As previously noted, it is well-established that the movant has the burden of establishing the necessity of a TRO. The movant has not sustained its burden of proof in this case.

The Court has carefully reviewed the application for a temporary restraining order and the entire record. After carefully considering the *Dataphase* factors, the Court finds that the

Michels Corporation has failed to meet its burden under Rule 65 to establish the necessity of an ex parte temporary restraining order. The Court **DENIES** the Plaintiff's motion for a temporary restraining order (Docket No. 3).

**IT IS SO ORDERED.**

Dated this 14th day of August, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court
